[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for the dissolution of marriage and related relief. The plaintiff, Marva Petrus, and the defendant, Arnold A. Petrus, married on July 12, 1972 in the Bronx, New York. The plaintiff has resided continuously in the State of Connecticut for at least twelve months next preceding the date of filing of the complaint; therefore, this court has jurisdiction. There are three children issue of the marriage, all of whom have reached the age of majority. No governmental agency is contributing or has contributed to the support or maintenance of either party. The marriage has broken down irretrievably, and a decree of dissolution shall enter on that ground.
The plaintiff is 49 years old. She is a high school graduate. During most of the marriage she was the homemaker and primary caretaker of the children. Her work in recent years has been sporadic. She last worked full-time, as a receptionist, about three years ago. She worked part-time as recently as 1998. The plaintiff is now unemployed and does not appear to have been looking seriously for work. Her health is fair at best, on account of several medical conditions including migraine headaches. The court does not believe the plaintiff is totally disabled from work, and that she does have some earning capacity; however, it is likely that that capacity will be limited to some part-time clerical, retail or similar work. CT Page 12834
The defendant is 52 years old. He recently earned a college associate's degree. He worked most of his career for the telephone company, SNET. Prior to 1992, he earned approximately $50,000 per year. In 1992, he undertook a medical transfer which involved him taking a position which should have paid less; however, he was paid at the same level as before under what he termed "compensated work." The nature of the medical condition was carpal tunnel syndrome and Bell's Palsy. The defendant was offered a retirement package from the phone company, which he took in 1995. The major part of the package was what is now an IRA Rollover. As of May, 1999, it had a value of approximately $227,000. The defendant receives a fixed withdrawal of $1,468 gross per month until he reaches age 59 1/2. Since retirement, the defendant went back to school to get his teacher's assistant certificate and is employed by the City of New Haven Board of Education. He earns $277 gross, $212 net per week. The court does not consider the defendant's retirement and subsequent employment to be a wilful diminution of the defendant's earnings in an effort to avoid more substantial alimony. Both plaintiff and defendant agreed that defendant would retire and take the benefits package in 1995 for medical and economic reasons. Likewise, the plaintiff cannot successfully maintain that defendant has a greater earning capacity than what he now enjoys.
The court briefly addresses the cause of the breakdown of this marriage. The cause of the breakdown is several extramarital affairs engaged in by the defendant. The parties separated in 1995, and the plaintiff filed but then withdrew a dissolution action when the defendant returned home. However, the defendant later left the marital home for good, and has been living with another woman since approximately 1997. The court considers the defendant's conduct to be the cause of the breakdown.
This court has considered all of the evidence and the statutes made and provided for the dissolution of marriage in Chapter 815j of the General Statutes, including but not limited to Sections 46b-62, 81 and 82, and hereby enters the following orders:
(1) The marriage of the parties is dissolved on the grounds of an irretrievable breakdown.
(2) The defendant shall pay to the plaintiff, as and for periodic alimony, the sum of $500 per month, payable in two equal installments on the first and fifteenth of every CT Page 12835 month, in advance, effective upon transfer of title to the marital home, paragraph (3). The pendente lite order now in effect shall survive the decree until said transfer. Said periodic alimony shall be terminated upon the earliest happening of any of the following events: the death of either party, the remarriage of the plaintiff, or the plaintiffs cohabitation with an unrelated male pursuant to statute. A contingent wage withholding shall issue against the defendant to satisfy this obligation. Further, the first $15,000 of any gross employment income earned by the plaintiff in any calendar year, shall not be the basis for a modification of periodic alimony.
(3) The defendant shall quit-claim to the plaintiff, as and for an assignment of property, all of his right, title and interest in and to the marital home at 11 Baxter Drive, Norwalk, Connecticut, and the plaintiff shall thereafter hold said property free and clear of any claim by the defendant. Upon transfer of the property, the plaintiff shall be solely responsible for and shall hold harmless and indemnify the defendant against any obligations relating to said property, including mortgage, taxes and insurance. The plaintiff shall also keep and retain all furniture and furnishings within the home, except for the personal papers and effects of the defendant. In the event of a dispute hereunder, the parties shall first submit the dispute to Family Services for mediation. The court shall retain jurisdiction to resolve any dispute in the event mediation is unsuccessful.
(4) The defendant shall assign and transfer to the plaintiff, as and for an assignment of property, fifty-five percent (55%) of his "IRA Annuity" as such appears denominated on defendant's financial affidavit, together with all monies resulting from ownership of said proportionate share. The court shall retain jurisdiction to effectuate this assignment and transfer.
(5) The defendant shall be solely responsible for, and shall hold harmless and indemnify the plaintiff against, the Sears credit card and People's Bank, Visa credit card liabilities shown on his financial affidavit.
(6) The plaintiff may, at her option, continue as an insured under any health or dental insurance policy maintained by or CT Page 12836 for the benefit of the defendant, to the extent permitted by law and at her sole cost and expense.
(7) The defendant shall cause the plaintiff to be named as the beneficiary of those life insurance policies on his life with the New Haven Board of Education ($20,000) and the SNET Group ($40,000) so long as the defendant has any periodic alimony obligation to the plaintiff, as set forth hereinbefore.
(8) Except and/or to the extent as set forth hereinbefore, each party shall retain all assets and be responsible for all liabilities set forth on their respective financial affidavits.
(9) Each party shall be responsible for their own attorney's fees.
(10) Except and/or to the extent set forth hereinbefore, the parties shall perform any and all obligations required by these court orders, no later than thirty days (30) from the date hereof.
(11) Counsel for the plaintiff shall prepare the judgment file.
So Ordered.
KAVANEWSKY, J.